FILED
CLERK, U.S. DISTRICT COURT
10/01/2013
CENTRAL DISTRICT OF CALIFORNIA
BY: AP DEPUTY

*Name:* RUTHERFORD DAWSON
*Address:* P.O. Box 13012
Marina Del Rey, CA 90295
*Phone:* 310-989-3880
RutherfordDawson@aol.com
Plaintiff In Pro Per

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Rutherford Dawson,
**PLAINTIFF,**
**vs.**
EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES LLC, a foreign limited liability company; and VERIZON CALIFORNIA
**DEFENDANT(S).**

**Case No.:** CV13-07100 JAK(MANx)
(To be supplied by the Clerk)

**COMPLAINT FOR:**
Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.) and Fraud

**Jury Trial Demanded**

I/S
21

# I. JURISDICTION

1. This Court has jurisdiction under Civil actions brought under the Fair Credit Report Act (FCRA) 15 U.S.C. § 1681 et seq. The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

LODGED
2013 SEP 25 AM 11:23
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: AK



Pro Se Clinic Form

## II. VENUE

2. Venue is proper pursuant to Plaintiff is a natural person residing in the State of California, defined by the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681a(c).

## III. PARTIES

3. Plaintiff's name is RUTHERFORD DAWSON. Plaintiff resides at: P.O. Box 13012, Marina Del Ray, California 90295.

4. Defendant EQUIFAX, INC.

5. Defendant EQUIFAX INFORMATION SERVICES LLC, a foreign limited liability company.

6. Defendant VERIZON CALIFORNIA

*Insert ¶ #*

___. Defendant ___

*Insert ¶ #*

___. Defendant ___

*Insert ¶ #*

___. Defendant ___

*Insert ¶ #*

# IV. STATEMENT OF FACTS

1. In 1993, Plaintiff opened with Verizon/GTE, a single Verizon landline account. The account number was #0 11793 11682 413 1601. The telephone number was 310-827-5395. This account remained opened until December 12, 2010.

*Insert ¶ #*

2. From 1993-2008, Plaintiff opened multiple accounts with Verizon. In mid-2008, a dispute occurred between Plaintiff and Verizon over services rendered and amounts owed.

*Insert ¶ #*

3. In July 2008, Plaintiff paid to Verizon directly (not to a collection company) an amount of $229.63. This payment represented the full amount owed and demanded by Verizon to resolve the dispute arising in March or April 2008.

*Insert ¶ #*



Pro Se Clinic Form

4. In October 2011, Plaintiff contacted Verizon after finding out that Verizon was reporting derogatory information, which included, but not limited to, a "paid" collection account.

Insert ¶ #

Plaintiff, contacted Verizon managment advising them that the information was bogus and almost entirely false and that it was damaging to Plaintiff's creditworthiness. After having received multiple personal insults from the Verizon's manager, Verizon's manager refused to delete the trade line from my credit report.

5. On or about October 16, 2011, I contacted at Equifax and advised them step-by-step why the Verizon account was false. Plaintiff also advised Equifax that the information being provided was deliberately and intentionally being reported and used to discredit and damage Plaintiff's creditworthiness.

Insert ¶ #

6. On February 16, 2012, March 19, 2013, April 17, 2013 and May 2, 2013, Plaintiff contacted Equifax by telephone, fax and U.S. Mail demanding that the false information be deleted.

Insert ¶ #

In each case, Equifax representatives claimed they investigated my allegations of false credit reporting and that their findings indicated that Verizon was, in fact, correct in the information that they were reporting on the Equifax credit straight line for Plaintiff.

7. On March 16, 2013, Plaintiff even sought the help of the Consumer Financial Protection Bureau (CFPB). Subsequently, Plaintiff filed a complaint with the CFPB, Case Number 130316-000067. Verizon and Equifax essentially ignored Plaintiff's complaint and CFPB advised that Plaintiff should take legal action to resolve this matter.

8. In April 2013, Equifax manager, Lisa Willis, contacted Verizon via a three way call. During the call, Verizon acknowledged shocking information that they were reporting fictitious information and that it was created to reflect the negative reporting against Plaintiff personally.

9. On May 1, 2013, Plaintiff filed a Small Claims lawsuit in Inglewood Superior Court of California - Case number ING13S01494. In the complaint, Plaintiff indicated that Verizon, Equifax and Experian collaboration was and in violation of the FCRA. In the complaint, Plaintiff also indicated that the Verizon account number #16841 was falsely created and the information included in the trade line was almost entirely false, with the exception of Plaintiff's name.

The false information included in the trade line included a false opening date. Equifax reported that the account was opened February 12, 2008,

versus the actual open date of October 27 1993. Equifax also reported that the *Insert ¶ #* account was (opened vs closed). To add to the negative reporting, Equifax further falsely reported the account closed date of July 2008, versus actual close date of December 29, 2010. As of September 6, 2013, 64 days after a Inglewood, California Small Claims Court ordered Equifax to delete the Plaintiff's Verizon trade line from Plaintiff's credit report. Equifax still refused to delete this trade line from Plaintiff's credit file. Equifax and Verizon both are aware that the information is fictitious, negative, and derogatory. The Defendants are also aware that the negative reporting is damaging my personal character, as well as my *Insert ¶ #* creditworthiness.

Defendant Equifax falsely reported the amount paid by Plaintiff to be $0. Defendants Verizon and Equifax each represented to the Small Claims Court that the Plaintiff had, in fact, in 2008, "PAID" the account "IN FULL" in the amount of $229.63. Defendant Equifax presented and had acknowledged of this payment on several occasions.

10. *Insert ¶ #* On July 2, 2013, after Plaintiff served name Defendants, Verizon, Experian and Equifax as dependents in Small Claims Court, all three Defendants appeared at Small Claims trial and argued before a Small Claims Judge. At the "trial", the Verizon Agent admitted to the Court that Verizon, in fact, had created a fictitious account in the Plaintiff's name, but offered no regrets or apologies. The Judge chastised the defendants for participating in what he described as an outright intentional fraud. The Judge indicated that Small Claims Court was not the proper venue to hear claims of the FCRA, 15 U.S.C. § 1681a(c) violations.

However, the Judge still ordered defendants, Equifax and Experian, to remove the Verizon trade line from Plaintiff's credit files. The Judge ordered Verizon to pay Plaintiff $1000.00, plus cost. The Judge went on to sign the order that the case was to be Dismissed Without Prejudice.

11. On July 9, 2013, Plaintiff contacted Equifax and spoke with alleged Supervisor, Ms. Rowe. Ms Rowe was advised by Plaintiff that Plaintiff had obtained a judgment against Equifax that ordered Equifax to delete the trade line from Plaintiff's credit file. Ms Rowe negatively questioned the Plaintiff and condemned Plaintiff for his actions and advised Plaintiff that another investigation would be launched to determine if the trade line should, in fact, be deleted. Plaintiff advised Equifax, once again, that the so-called investigation had been conducted by Equifax and that no further investigation should be needed to delete the trade line given the Court had ordered such action.

Dates following the Small Claims order, Plaintiff continued to monitor his Equifax credit report and began seeking credit. Plaintiff sought credit from various companies in an attempt to finance an automobile. Credit grantors pointed to Plaintiff's derogatory collection account credit reporting as the basis for the high interest rates quoted. In some cases, credit was outright denied. On July 15, 2013, 1800LoanMart charged Plaintiff 98% APR on a car loan. Plaintiff was later quoted interest rates of 22% APR with auto Lenders, Road Loans and Carmax.



Pro Se Clinic Form

___. Plaintiff was not permitted to have claims of FCRA, 15 U.S.C. § 1681a(c) through the Small Claims Court process. To this day, Plaintiff continues to be damaged by Defendants' defiance stand to report knowingly fraudulent, incorrect, and derogatory collection accounts noted as Verizon.
Insert ¶ #

12. On August 26, 2013, Plaintiff obtained a copy of his Equifax credit report, now nearly 8 weeks after a Small Claims Judge ruled and declared the the actions of Verizon and Equifax to be "deliberate and intentionally fraudulent", which shows that a defiant Equifax continues to and refuses to "delete" the Verizon trade line from Plaintiff's credit report.
Insert ¶ #

___.
Insert ¶ #

# VI. REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests:

## FIRST CLAIM FOR RELIEF

**(FCRA - 15 U.S.C. § 1681n)**

13. Plaintiff realleges paragraphs 1-12 as if fully set forth herein.
*Insert ¶ #*

14. Equifax willfully failed to comply with the requirements imposed under FCRA, 15 U.S.C. § 1681 et seq., including but not limited to:
*Insert ¶ #*

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. § 1681e(b).

b) failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i;
*Insert ¶ #*

c) providing Plaintiff's credit file to companies without determining that companies had a permissible purpose to obtain Plaintiff's credit file pursuant to 15 U.S.C. § 1681b; and

d) failing to provide Plaintiff's his credit file pursuant to 15 U.S.C. § 1681g.
*Insert ¶ #*

15. As a result of Equifax's violations of the FCRA, Plaintiff has suffered, continues to suffer and will suffer further damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.

Insert ¶ #

16. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

Insert ¶ #

17. Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

Insert ¶ #

18. Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681n(a).

Insert ¶ #

## SECOND CLAIM FOR RELIEF

**(FCRA - 15 U.S.C. § 1681o)**

19. Plaintiff realleges paragraphs 1-12 as if fully set forth herein.

Insert ¶ #

20. Equifax negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

Insert ¶ #

a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. § 1681e(b).

b) failing to comply with the reinvestigation requirements in 15 U.S.C. § 1681i;

c) providing Plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain Plaintiff's credit file pursuant to 15 U.S.C. § 1681b; and

d) failing to provide Plaintiff's his credit file pursuant to 15 U.S.C. § 1681g.
*Insert ¶ #*

21. As a result of Equifax's violations of the FCRA, Plaintiff has suffered continues to suffer and will suffer further damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to his damages, in an amount to be determined by the jury.
*Insert ¶ #*

22. Plaintiff is entitled to actual damages in an amount to be determined by the jury.
*Insert ¶ #*

23. Plaintiff is entitled to his attorney fees, pursuant to 15 U.S.C. § 1681o(a).

*Insert* ¶ #

*Insert* ¶ #

*Insert* ¶ #

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: September 6, 2013

*Sign:* [signature]

*Print Name:* Rutherford Dawson

Plaintiff in pro per

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [x] )

RUTHERFORD DAWSON

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
P.O. Box 13012
Marina Del Ray, California 90295
Tel: 310-989-3880
Email: rutherforddawson@aol.com

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- [ ] 1. U.S. Government Plaintiff
- [x] 3. Federal Question (U.S. Government Not a Party)
- [ ] 2. U.S. Government Defendant
- [ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

- [x] 1. Original Proceeding
- [ ] 2. Removed from State Court
- [ ] 3. Remanded from Appellate Court
- [ ] 4. Reinstated or Reopened
- [ ] 5. Transferred from Another District (Specify)
- [ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [x] Yes [ ] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** [ ] Yes [x] No [x] **MONEY DEMANDED IN COMPLAINT: $ TO BE DETERMINED**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

FAIR CREDIT REPORTING ACT, U.S.C. Section 1681 et seq. and Fraud

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/Etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced & Corrupt Org.
- [x] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Info. Act
- [ ] 896 Arbitration
- [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- [ ] 153 Recovery of Overpayment of Vet. Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS PERSONAL PROPERTY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Fed. Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury-Med Malpratice
- [ ] 365 Personal Injury-Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accomodations
- [ ] 445 American with Disabilities-Employment
- [ ] 446 American with Disabilities-Other
- [ ] 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus/Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405 (g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV13-07100

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles | Western |
| If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the WESTERN DIVISION. Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [x] NO [ ] YES

If yes, list case number(s): ______

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [x] NO [ ] YES

If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)

[ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: September 24, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |