## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | LA CV13-07100 JAK (MANx) | Date | March 26, 2014 |
|---|---|---|---|
| Title | Rutherford Dawson v. Equifax Inc. et al | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **DEFENDANT VERIZON CALIFORNIA, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (DKT. 29)**

### I.      Introduction

Rutherford Dawson ("Plaintiff") brings this action in which Equifax, Inc., Equifax Information Services LLC (collectively, "Equifax") and Verizon California ("Verizon") are named as defendants.[1] Plaintiff alleges that Verizon furnished to Equifax and other Credit Reporting Agencies ("CRAs") false and harmful information regarding the outstanding balance on Plaintiff's Verizon account, and that Equifax refused to remove that information from Plaintiff's credit report. The First Amended Complaint ("FAC") advances two causes of action: (i) Violation of Sections 1681s-2b(A)&(B) of the Fair Credit Reporting Act ("FCRA") against Verizon; and (ii) Violation of Section 1681b, 1681i and 1681s-2(b) of the FCRA against Equifax. Dkt. 25, ¶¶ 21-35.

On February 19, 2014, Verizon filed a Motion to Dismiss the FAC (the "Motion"). Dkt. 29. On March 26, 2014, the Court determined that the Motion was appropriate for resolution without oral argument pursuant to Fed. R. Civ. P. 78 and Local Rule 7-15, and took the Motion under submission. Dkt. 33. For the reasons set forth in this Order, the Motion is DENIED.

### II.      Factual Background

Plaintiff established a telephone landline account with Verizon in 1993. Dkt. 25, ¶ 6. From 1993 to 2008, Plaintiff activated other phones with Verizon on the same account. *Id.* In mid-2008, "a dispute arose between Plaintiff and Verizon relating to services purportedly provided and the amounts owed for those services." *Id.* at ¶ 8. In July 2008, Plaintiff paid Verizon $229.63, which Plaintiff contends "represented the full and final amount owed and demanded by Verizon to resolve the parties' dispute." *Id.* at ¶ 9.

---

[1]  The FAC separately names Equifax, Inc. and Equifax Information Services LLC as defendants, but does not specify the allegations of the FAC that apply to each of these entities. The two entities are collectively referred to throughout the FAC as "Equifax."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-07100 JAK (MANx) | Date | March 26, 2014 |
|---|---|---|---|
| Title | Rutherford Dawson v. Equifax Inc. et al | | |

In October 2011, Plaintiff learned that Verizon had reported to certain CRAs "derogatory . . . inaccurate, misleading information about him." *Id.* at ¶ 10. Plaintiff contacted Verizon to request that it correct the information that had been provided. *Id.* As part of this effort, Plaintiff spoke by telephone with a Verizon representative, who "refused to correct the negative false information." *Id.* On October 16, 2011, Plaintiff contacted Equifax and informed a representative that the information it had obtained from Verizon was false. *Id.* Plaintiff called Equifax four more times -- on February 16, 2012, March 19, 2013, April 17, 2013 and May 2, 2013 -- to request that the allegedly false information be deleted from his credit report. *Id.* at ¶ 12. Each time, an Equifax representative responded that he or she had contacted Verizon "to verify the negative information, and that Verizon did in fact verify it." *Id.* at ¶ 13.

On March 16, 2013, Plaintiff filed a complaint with the Consumer Financial Protection Bureau ("CFPB"). *Id.* at ¶ 14. The CFPB recommended that Plaintiff take legal action to resolve the matter. *Id.* On April 13, 2013, Plaintiff and Equifax manager Lisa Willis contacted a Verizon representative via a "three-way phone call." *Id.* at ¶ 15. During that call, the Verizon representative "acknowledged that they were in fact reporting a fictitious account which was created to reflect negative credit information about Plaintiff." *Id.*

On May 1, 2013, Plaintiff filed a small claims action in the Los Angeles County Superior Court in which he named Verizon, Equifax and another CRA, Experian, as defendants. *Id.* at ¶ 16. The matter was tried on July 2, 2013. At the conclusion of the trial, the Superior Court ordered Verizon to pay $1,000 in damages and $105 in costs to Plaintiff, and ordered Equifax and Experian to remove "negative reporting from [Verizon] forthwith." *Id.* at ¶ 18. Experian promptly deleted the information from Plaintiff's credit report. *Id.* at ¶ 20. However, Equifax "refused to delete the derogatory and false information until after the filing of this lawsuit." *Id.* Plaintiff alleges that the conduct of Equifax has caused him "mental anguish and suffering, inconvenience, humiliation, frustration, anger, loss of sleep, hopelessness and despair, harm to his personal relationships, indignity, stress, and anxiety." *Id.* at ¶ 30. Plaintiff also alleges that, because Verizon's actions were willful, it is liable for statutory and punitive damages. *Id.* at ¶ 31.

**III.   Procedural Background**

Plaintiff filed the original complaint in this action on September 25, 2013. Dkt. 1. Verizon responded with a Motion to Dismiss, which it filed on October 23, 2013. Dkt. 9. On January 13, 2014, the Court granted the Motion to Dismiss without prejudice to the filing of an amended complaint on or before January 31, 2014. Dkt. 24. At the hearing on the Motion to Dismiss the original complaint, the Court identified two deficiencies. First, neither of the two causes of action advanced in the complaint was directed to or sought relief from Verizon; each referred only to Equifax. Second, the complaint failed to allege that Verizon had violated a provision of the FCRA that provides a private right of action to consumers against furnishers of credit information to CRAs. Plaintiff filed the FAC on January 31, 2014. Dkt. 25. This Motion followed.

**IV.   Analysis**

    **A.   Legal Standard**

To withstand a motion brought pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead each of its claims with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-07100 JAK (MANx) | Date | March 26, 2014 |
|---|---|---|---|
| Title | Rutherford Dawson v. Equifax Inc. et al | | |

upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Although a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 678-79.

**B.      Application**

1.      <u>Whether the FAC Provides Fair Notice of the Claim and Underlying Facts</u>

Verizon contends that the FAC "does not contain a plain statement of the claim showing that Plaintiff is entitled to relief." Dkt. 29, at 6. Specifically, Verizon contends that Plaintiff has not identified what false and harmful information Verizon allegedly provided to CRAs. *Id.* at 6-7. Pursuant to Fed. R. Civ. P. 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." The first cause of action of the FAC alleges that Verizon

> violated the FCRA by reporting inaccurate and misleading information to the [CRAs] – namely, that Plaintiff had opened an account that he did not in fact open, that Plaintiff's account was only recently opened, when in fact it was more than ten years old, that Plaintiff had an outstanding debt that he did not have, and that Plaintiff did not dispute the account.

Dkt. 25, ¶ 25.

The FAC also alleges that, in April 2013, a Verizon representative acknowledged, during a phone call with Plaintiff and an Equifax representative, that Verizon was "reporting a fictitious account which was created to reflect negative credit information about Plaintiff." *Id.* at ¶ 15. Verizon contends that these allegations are not supported by "facts describing the account number that [Plaintiff] alleges was never his account," or "facts as to why the 'OPEN' status date was incorrect or what the correct 'OPEN' status date was or should have been." Dkt. 29, at 7. However, the FAC specifically identifies the sole account that Plaintiff alleges he maintained with Verizon; it alleges that the account was opened in 1993, and that the account number ended in the digits "1601." Dkt. 25, ¶ 6. Thus, Plaintiff alleges that he did not open a Verizon account after 1993. Accordingly, Plaintiff specifically alleges why the 2008 "OPEN" status date was incorrect, and what the correct "OPEN" status date should have been -- 1993.

The FAC also alleges that, although Plaintiff paid Verizon $229.63 in July 2008, which "represented the full and final amount owed and demanded by Verizon," Verizon continued to inform CRAs that Plaintiff had an outstanding debt. Dkt. 25, ¶ 9. Thus, the FAC sufficiently alleges that Verizon provided false information to CRAs with respect to Plaintiff's outstanding debt.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-07100 JAK (MANx) | Date | March 26, 2014 |
|---|---|---|---|
| Title | Rutherford Dawson v. Equifax Inc. et al | | |

        2.      <u>Whether the FAC Adequately Alleges that Verizon Was Notified by Equifax of the Dispute</u>

Verizon contends that the FAC fails to allege "[a]ny facts to demonstrate that Equifax . . . directly notified Verizon of a well-pleaded and clear dispute concerning the completeness or accuracy of specifically identified credit information." Dkt. 29, at 9. The FAC alleges that Verizon violated 15 U.S.C. § 1681s-2(b)(A)&(B) by "fail[ing] to conduct a proper investigation of the Plaintiff's dispute, and fail[ing] to review all of the information purportedly provided to it by the [CRAs]." Dkt. 25, ¶ 27. To state a claim for relief against Verizon, Plaintiff must allege that Verizon received "notice pursuant to section 1682i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided" to a CRA. 15 U.S.C. § 1681s-2(b)(1). Section 1682i(a)(2) provides that, within 5 business days of receiving notice of a dispute from a customer, a CRA must "provide notification of the dispute to any person who provided any item of information in dispute . . . The notice shall include all relevant information regarding the dispute that the agency has received from the consumer." 15 U.S.C. § 1682i(a)(2)(A). Thus, the notice that triggers Verizon's duty to investigate and review disputed information must come from a CRA; it cannot come from a consumer such as Plaintiff.

The FAC alleges that Plaintiff contacted Equifax four times between February 2012 and May 2013, and "[i]n each and every case, Equifax representatives claimed to Plaintiff that they had contacted Verizon in attempting to verify the negative information, and that Verizon did in fact verify it." Dkt. 25, ¶ 13. Verizon contends that the FAC does not contain specific facts to support these "conclusory allegations." Dkt. 29, at 9. This argument is not persuasive. In support of its position, Verizon relies on, *Howard v. Blue Ridge Bank*, 371 F. Supp.2d 1139 (N.D. Cal. 2005). *Howard* is distinguishable. There, the district court found that the plaintiff failed adequately to allege that the notification requirement of Section 1681s-2(b) was satisfied, because the complaint alleged only that "defendants Blue Ridge, Credit Protection and Wells Fargo received notice of plaintiff's dispute from Equifax, Experian, Intersection and Trans Union and willfully failed to comply with the requirements of 15 U.S.C. 1681s-2.'" *Id.* at 1143.

The allegations of the FAC are different. Plaintiff has alleged that he was informed by Equifax on four specific dates that it had notified Verizon that Plaintiff disputed the accuracy of information it had provided. Thus, unlike the complaint in *Howard*, the FAC specifically alleges that one identified CRA, Equifax, expressly informed Plaintiff several times that it had notified one particular furnisher of information, Verizon, of the dispute. Therefore, the FAC sufficiently alleges that the notification requirement set forth in Section 1682i(a)(2) was satisfied. *See Valerie v. Wells Fargo Home Mortg.*, No. 12-CV-10192, 2013 WL 7393184, at *4 (C.D. Cal. June 25, 2013) (Kronstadt, J.) (distinguishing *Howard* and denying a motion to dismiss where "Plaintiffs have adequately pleaded that one specific [CRA] notified one specific furnisher of information"). *See also Ehreth v. Capital One Servs., Inc.*, No. C-08-0258, 2008 WL 3891270, at *2 (W.D. Wash. Aug. 19, 2008) ("[P]laintiff must allege that he notified a CRA of his dispute and the CRA notified defendant of the same.").

No more persuasive is Verizon's next argument: Even if it was notified by Equifax that there was a dispute, the FAC fails sufficiently to allege that it was notified that there was a "well-pleaded and clear dispute" concerning the accuracy of specific credit information. Dkt. 29, at 9. Even if the notification by Equifax was inadequate under the FCRA, "an inadequate [F]CRA notification may limit the *scope* of a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-07100 JAK (MANx) | | Date | March 26, 2014 |
|---|---|---|---|---|
| Title | Rutherford Dawson v. Equifax Inc. et al | | | |

furnisher's §1681s-2(b) duty, for example, by excusing a more limited investigation; it does not, however, eliminate the duty altogether." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1107 (9th Cir. 2012). Accordingly, the FAC adequately states a claim for relief against Verizon under 15 U.S.C. § 1681s-2b(A)&(B).

**V.**     **Conclusion**

For the reasons set forth above, the Motion is DENIED.


**IT IS SO ORDERED.**


_____ :  _____

Initials of Preparer     ak