1  RAUL F. SALINAS (CA Bar No. 126922)
   rsalinas@AlvaradoSmith.com
2  RICK D. NAVARRETTE (CA Bar No. 122653)
   rnavarrette@AlvaradoSmith.com
3  ALVARADOSMITH
   A Professional Corporation
4  633 W. Fifth Street, Suite 1100
   Los Angeles, CA 90071
5  Tel: (213) 229-2400
   Fax: (213) 229-2499
6
7  Attorneys for Defendant
   Verizon California, Inc.

8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10

11
   RUTHERFORD DAWSON,                    CASE NO.: CV13-07100–JAK
12                                        (MANx)
             Plaintiffs,
13                                        JUDGE:   JOHN A. KRONSTADT
   v.
14
   EQUIFAX, INC.; EQUIFAX               ANSWER BY DEFENDANT
15 INFORMATION SERVICES LLC, a          VERIZON CALIFORNIA, INC. TO
   foreign limited liability company; and  PLAINTIFF'S FIRST AMENDED
16 VERIZON CALIFORNIA,                   COMPLAINT

17           Defendants.

18                                        Action Filed:    October 1, 2013

19

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Defendant Verizon California, Inc. ("Defendant"), for itself alone and no other defendant, answers the First Amended Complaint ("Complaint") of plaintiff Rutherford Dawson ("Plaintiff") as follows:

1. In response to paragraph 1 of the Complaint, Defendant admits the jurisdiction of the court, that venue is proper and that Plaintiff's claim arose in the Central District of California.

2. In response to paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

3. In response to paragraph 3 of the Complaint, Defendant admits that it is a corporation that was organized and exists under the laws of the State of California.

4. In response to paragraph 4 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies the allegations contained therein.

5. In response to paragraph 5 of the Complaint, Defendant makes no admissions or denials pertaining to any "DOE" defendants referenced therein. To the extent that this paragraph contains contentions regarding the law, these are legal conclusions to which no response is required. Except as expressly stated herein, Defendant denies the remaining allegations in this paragraph, and the whole thereof.

6. In response to paragraph 6 of the Complaint, Defendant admits that Plaintiff opened a residential account with Defendant in 1993. In further response to paragraph 6 of the Complaint, Defendant denies that Plaintiff's account number ended in the digits 1601. Defendant further states that the full account number was 3108275395930827 (CAN 1168241316). In further response to paragraph 6 of the Complaint, Defendant also admits that the telephone number for the residential account ended with the numbers 5395. In further response to paragraph 6 of the Complaint, Defendant admits that the above residential account was involuntarily disconnected for non-payment on December 29, 2010. Except as expressly stated

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

herein, Defendant denies the remaining allegations in this paragraph, and the whole thereof.

7.     In response to paragraph 7 of the Complaint, Defendant denies the allegations in this paragraph, and the whole thereof.

8.     In response to paragraph 8 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the nature or specifics of the alleged "dispute", and accordingly, the truth of the allegations contained in said paragraph, and therefore Defendant denies the allegations contained therein, and the whole thereof.

9.     In response to paragraph 9 of the Complaint, Defendant denies the allegations in this paragraph, and the whole thereof.

10.     In response to paragraph 10 of the Complaint, Defendant admits that Plaintiff contacted Defendant in October of 2011.   Except as expressly stated herein, Defendant denies the remaining allegations in this paragraph, and the whole thereof.

11.     In response to paragraph 11 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies the allegations contained therein, and the whole thereof.

12.     In response to paragraph 12 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies the allegations contained therein, and the whole thereof.

13.     In response to paragraph 13 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies the allegations contained therein, and the whole thereof.

///

///

ANSWER BY VERIZON CALIFORNIA, INC TO FIRST AMENDED COMPLAINT
3855022.3 -- L699.13

14.     In response to paragraph 14 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies the allegations contained therein, and the whole thereof.

15.     In response to paragraph 15 of the Complaint, Defendant admits that a telephone call occurred on April 1, 2013 between Plaintiff and a representative of Defendant. Except as expressly stated herein, Defendant denies the remaining allegations in this paragraph, and the whole thereof.

16.     In response to paragraph 16 of the Complaint, Defendant admits that Plaintiff filed a lawsuit in the Superior Court of California, County of Los Angeles, Inglewood Courthouse, Small Claims Court, case number ING 13S01494 (the "Small Claims Case").  In further response to paragraph 16 of the Complaint, Defendant admits that Plaintiff, a representative of Defendant, a representative of Equifax and a representative of Experian all appeared at the trial in the Small Claims Case on July 2, 2013.  In response to footnote 1 in paragraph 16 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies the allegations contained therein, and the whole thereof.  Except as expressly stated herein, Defendant denies the remaining allegations in this paragraph, and the whole thereof.

17.     In response to paragraph 17 of the Complaint, Defendant alleges that the Judgment in the Small Claims Case speaks for itself and is the best evidence of its terms.  In further response to paragraph 17 of the Complaint, Defendant admits that a Judgment was entered on July 2, 2013 in the Small Claims Case against Defendant and that Defendant was ordered to pay Plaintiff "$1,000.00 principal and $105.00 in costs on Plaintiff's claim."  Except as expressly stated herein, Defendant denies the remaining allegations in this paragraph, and the whole thereof.

18.     In response to paragraph 18 of the Complaint, Defendant alleges that the Judgment in the Small Claims Case speaks for itself and the Judgment is the best

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

evidence of its terms.  In further response to paragraph 18 of the Complaint, Defendant admits lines 18-21 on page 4 represents an accurate quote from a portion of the Judgment in the Small Claims Case.

19.    In response to paragraph 19 of the Complaint, and based on the assumption that the allegations therein are made in connection with the Judgment in the Small Claims Case, Defendant admits the allegations in this paragraph.

20.    In response to paragraph 20 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies the allegations contained therein, and the whole thereof.

21.    In response to paragraph 21 of the Complaint, Defendant incorporates by this reference its response to paragraphs 1-20 of this Answer as set forth in full herein.

22.    In response to paragraph 22 of the Complaint, Defendant states that to the extent that this paragraph contains contentions regarding the law, these are legal conclusions to which no response is required.

23.    In response to paragraph 23 of the Complaint, Defendant states that to the extent that this paragraph contains contentions regarding the law, these are legal conclusions to which no response is required.

24.    In response to paragraph 24 of the Complaint, Defendant states that to the extent that this paragraph contains contentions regarding the law, these are legal conclusions to which no response is required.

25.    In response to paragraph 25 of the Complaint, Defendant makes no admissions or denials pertaining to any "DOE" defendants referenced therein.   Except as expressly stated herein, Defendant denies the remaining allegations in this paragraph, and the whole thereof.

26.    In response to paragraph 26 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph as to non-parties Transunion and Experian.  In further

AlvaradoSmith
A Professional Corporation
Los Angeles

4

1  response to paragraph 26 of the Complaint, Defendant denies the allegations as to

2  Equifax as contained therein, and the whole thereof.

3      27.   In response to paragraph 27 of the Complaint, Defendant denies the

4  allegations in this paragraph, and the whole thereof.

5      28.   In response to paragraph 28 of the Complaint, Defendant denies the

6  allegations in this paragraph, and the whole thereof.

7      29.   In response to paragraph 29 of the Complaint, Defendant denies the

8  allegations in this paragraph, and the whole thereof.

9      30.   In response to paragraph 30 of the Complaint, Defendant denies the

10  allegations in this paragraph, and the whole thereof.

11      31.   In response to paragraph 31 of the Complaint, Defendant denies the

12  allegations in this paragraph, and the whole thereof.

13      32.   In response to paragraph 32 of Plaintiff's Third (sic) Cause of Action for

14  Violations of the Fair Credit Reporting Act in the Complaint against Equifax and

15  Does 5 through 10, Defendant makes no admissions or denials pertaining to any

16  "DOE" defendants referenced therein.  In further response to paragraph 32 of the

17  Complaint, Defendant lacks knowledge and information sufficient to form a belief as

18  to the truth of the allegations contained in said paragraph and therefore denies the

19  allegations contained therein, and the whole thereof.

20      33.   In response to paragraph 33 of the Complaint, Defendant lacks

21  knowledge and information sufficient to form a belief as to the truth of the allegations

22  contained in said paragraph and therefore denies the allegations contained therein, and

23  the whole thereof.

24      34.   In response to paragraph 34 of the Complaint, Defendant lacks

25  knowledge and information sufficient to form a belief as to the truth of the allegations

26  contained in said paragraph and therefore denies the allegations contained therein, and

27  the whole thereof.

28  ///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

35.     In response to paragraph 35 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in said paragraph and therefore denies the allegations contained therein, and the whole thereof.

A.     In response to item 1 of the Prayer for Relief, Defendant denies that Plaintiff is entitled to such relief.

B.     In response to item 2 of the Prayer for Relief, Defendant denies that Plaintiff is entitled to such relief.

C.     In response to item 3 of the Prayer for Relief, Defendant denies that Plaintiff is entitled to such relief.

D.     In response to item 4 of the Prayer for Relief, Defendant denies that Plaintiff is entitled to such relief.

E.     In response to item 5 of the Prayer for Relief, Defendant denies that Plaintiff is entitled to such relief.

As separate and distinct affirmative defenses to the First Amended Complaint on file in this action, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim for Relief)

1.     The Complaint fails to set forth facts sufficient to constitute a claim for relief against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

2.     Plaintiff is estopped from asserting and/or recovering on any claims against Defendant by reason of Plaintiff's own improper or unreasonable acts, omissions, and conduct.

///

///

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3.      Plaintiff is barred by the equitable doctrine of waiver from asserting any claim against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4.      Plaintiff is barred by the equitable doctrine of unclean hands from asserting any claim against Defendant.

### FIFTH AFFIRMATIVE DEFENSE

### (Privilege)

5.      The claims in the Complaint are barred by virtue of the fact that all of the acts alleged therein to have been performed by Defendant, were privileged or justified, if performed at all.

### SIXTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

6.      The claims and issues alleged in the Complaint are barred, in whole or part, under the doctrine of res judicata with regard to claim preclusion and the doctrine of collateral estoppel with respect to issue preclusion.

### SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

7.      The Complaint is barred by the applicable statute of limitations under the Federal Credit Reporting Act, 15 U.S.C. §1681p(1).

### EIGHTH AFFIRMATIVE DEFENSE

### (No Damages)

8.      The Complaint is barred because Plaintiff has not suffered, and he has not properly pleaded, damages as a result of the conduct alleged in the Complaint as to Defendant.

///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

ANSWER BY VERIZON CALIFORNIA, INC TO FIRST AMENDED COMPLAINT
3855022.3 -- L699.13

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.     Plaintiff is barred from recovering monetary damages from Defendant or any other relief against Defendant to the extent Plaintiff failed to mitigate his damages, if any, as required by law.

## TENTH AFFIRMATIVE DEFENSE

### (Reasonableness)

10.     The Complaint is barred because there is no fault on Defendant's part and no violation of the Federal Credit reporting Act occurred because Defendant's actions in conducting an investigation and reinvestigation, if any, was reasonable under the circumstances.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

11.     Plaintiff's recovery, if any, must be reduced proportionately to the extent that any damages alleged by Plaintiff are caused and contributed to by Plaintiff's own action.

## TWELFTH AFFIRMATIVE DEFENSE

### (Compliance with Governing Laws)

12.     Defendant's good faith compliance with the statutes, rules, and regulations which govern the subject matter of this lawsuit precludes its liability to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Small Claims Judgment as Merger or Bar)

13.     In the Small Claims Case, Plaintiff actually litigated all his claims against Verizon for among other things, non-economic damages for emotional distress. Plaintiff's claims for non-economic damages and emotional distress were further determined in the Small Claims Case.   The Judgment for Plaintiff in the Small Claims Case against Verizon merges all claims for non-economic damages and emotional

AlvaradoSmith
A Professional Corporation
Los Angeles

3855022.3 -- L699.13

1  distress that were actually litigated and determined in the Small Claims Judgment. As

2  such, Plaintiff's claims in this second action for non-economic damages for that were

3  the subject of the Small Claims Judgment have been extinguished and barred in whole

4  or in part by application of the Judgment Merger or Bar Doctrine and by collateral

5  estoppel or issue preclusion.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

8      14.    The Complaint is barred on the ground that the alleged act(s) of

9  Defendant was not the proximate cause of Plaintiff's alleged damages, if any, and

10  Plaintiff was not injured or damaged in fact by any of the acts alleged.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

13      15.    Plaintiff is not entitled to recover punitive or exemplary damages in any

14  sum or sums whatsoever, and any allegations thereof should be stricken, because

15  Plaintiff failed to plead and cannot establish facts sufficient to support the allegations

16  of willfulness, malice, oppression, and fraud and the claim is barred or limited by 15

17  U.S.C. §1681n. Additionally, Defendant alleges and incorporates by this references

18  all defenses, standards, rules, requirements, limitations and protections afforded or

19  mandated by law or otherwise as set forth by the United States Supreme Court in

20  *BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool*

21  *Group, Inc*., 532 U.S. 923 (2001) and *State Farm v. Campbell*, 538 U.S. 408 (2003).

### SIXTEENTH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

24      16.    Plaintiff cannot establish the standard of willfulness under the fair Credit

25  reporting Act as established by the United States Supreme Court in *Safeco Insurance*

26  *Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

27  ///

28  ///

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

9

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

17.     Defendant reserves the right to assert additional affirmative defenses in the event discovery and/or investigation indicate that additional affirmative defenses are applicable.

**WHEREFORE,** Defendant prays:

1.     That Plaintiff takes nothing by his Complaint;

2.     That this lawsuit is deemed frivolous and that Defendant recovers from Plaintiff its attorneys' fees pursuant to as allowed by the Fair Credit Reporting Act;

3.     For dismissal of the Complaint with prejudice;

4.     For costs of suit incurred as permitted or allowed by the applicable agreement, law or statute; and

5.     For such other and further relief as the Court may deem just and proper.

DATED:  April 10, 2014                    ALVARADOSMITH
                                          A Professional Corporation


                                          By:   /s/ Rick D. Navarrette
                                             RAUL F. SALINAS
                                             RICK D. NAVARRETTE
                                             Attorneys for Defendant
                                             VERIZON CALIFORNIA. INC.

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

## <u>VERIFICATION</u>

I, Erica Wooley, am a Senior Analyst and representative of Verizon California, Inc., a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

I have read the foregoing **ANSWER BY DEFENDANT VERIZON CALIFORNIA, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT** and know its contents. I am informed and believe and on that ground allege that matters stated in the foregoing document are true. I am not, however, attesting to any legal conclusions therein.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 10th day of April, 2014, at Lake Mary, Florida.

_____
Erica Wooley

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

3855022.3 -- L699.13